# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
|    Plaintiff, | ) ) ) |
| v. | )    Case No. 2:22-cv-2197 |
| BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, | ) ) ) ) |
|    Defendant. | ) ) |

## ORDER

This matter is before the Court on Defendant's Motion to Dismiss for failure to state a claim upon which relief may be granted (doc. 8 at 5, 7, and 8) and, as to Count I alone, lack of subject-matter jurisdiction (doc. 8 at 2). Plaintiff has responded. (Doc. 16). The Motion is fully briefed and ripe for review. For the following reasons, Defendant's Motion is granted.

### BACKGROUND

Plaintiff is a former student at the University of Illinois (the "University"). He was dismissed from the University in September 2020 after the University's disciplinary process concluded that Plaintiff violated the student code of conduct. (Doc. 1 at 4). The violations stemmed from a sexual encounter on February 14, 2020, between Plaintiff and Jane Roe (doc. 1 at 1), after which a sexual assault allegation was filed with the University against Plaintiff (doc. 1 at 2). Investigators authorized by the University interviewed Plaintiff, conducted witness interviews, and obtained electronic communications, video evidence, medical documentation, and information

supplied by law enforcement. (Doc. 1 at 2). Both Plaintiff and Roe were permitted to review the evidence to provide clarifying comments and submit follow-up questions for the investigators to ask the other party. (Doc. 1 at 3). Plaintiff was not allowed to cross-examine witnesses or confront his accuser. (Doc. 1 at 3). The Subcommittee on Sexual Misconduct (the "Subcommittee") did not question Roe directly and instead relied on the record to find Roe more credible than Plaintiff. (Doc. 1 at 4). Based on the credibility finding and the record, the Subcommittee found Plaintiff responsible for engaging in nonconsensual sexual intercourse in violation of the student honor code. (Doc. 1 at 4).

Plaintiff appealed the Subcommittee's decision to the Senate Committee on Student Discipline (the "Senate Committee"), to which he was only allowed to submit a checklist raising issues. (Doc. 1 at 4). In affirming the Subcommittee's decision, the Senate Committee examined the record and the appeal and found that there was no evidence of bias, conflict of interest, or procedural error. (Doc. 1 at 4). Plaintiff was dismissed from the University and issued a no-trespass order for two years and a no-contact directive with Roe. (Doc. 1 at 3). Plaintiff is permitted to petition for readmission after two years if Plaintiff meets several requirements. These requirements include submitting evidence of successful academic work at another institution or evidence of employment. Plaintiff would also need to submit a 3,000-word research paper on sexual consent. (Doc. 1 at 3). Upon his dismissal, Plaintiff brought the instant lawsuit against the University through its Board of Trustees (the "Board").

## LEGAL STANDARD

When a defendant moves to dismiss a complaint under both Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, "the court should consider the Rule 12(b)(1) challenge first." *Rizzi v. Calumet City*, 11 F.Supp. 2d 994, 995 (N.D. Ill. 1998) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)). A 12(b)(1) motion "contend[s] that the court lacks subject matter jurisdiction to hear Plaintiff's Complaint." *Penny v. Pelosi*, 538 F.Supp. 3d 850, 855 (C.D. Ill. 2021). Such motions "are meant to test the sufficiency of the complaint, not to decide the merits of the case. In the context of a motion to dismiss for lack of subject matter jurisdiction, [the court] accept[s] as true the well pleaded factual allegations, drawing all reasonable inferences in favor of the plaintiff[.]" *Center for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014) (internal citation omitted). The plaintiff "bears the burden of establishing that the jurisdictional requirements have been met." *Id.* at 588–89. Courts may consider any evidence submitted on the issue. *Farnik v. F.D.I.C.*, 707 F.3d 717, 721 (7th Cir. 2013)

To survive a 12(b)(6) motion for failure to state a claim, the plaintiff must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Courts will "accept all well-pleaded facts as true and draw all reasonable inferences in favor of the non-moving party." *United States v. Molina*

*Healthcare of Ill., Inc.*, 17 F.4th 732, 738 (7th Cir. 2021). The complaint only needs enough facts "to present a story that holds together." *Twombly*, 500 U.S. at 545. However, legal conclusions are not accepted as true, and a claim cannot survive if it merely recites the elements of the cause of action and proffers conclusory statements. *Id.* at 555. Courts "may reject sheer speculation, bald assertions, and unsupported conclusory statements." *Taha. v. Int'l Bhd. Of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020). Finally, while plausible does not mean probable, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

I.  **Count I: Due Process**

Plaintiff seeks both injunctive relief (doc. 1 at 16) and damages (doc. 1 at 1) under 42 U.S.C. §§ 1983, 1985, and 1988. However, "A State is not a person within the meaning of § 1983." *Will v. Mich. Dept' of State Police* 491 U.S. 58, 64 (1983). The University and its Board are part of the State. *Barnes v. Bd. of Trs. of Univ. of Ill.*, 946 F.3d 384, 391 (7th Cir. 2020). Therefore, the Board is not subject to suits for damages or injunctive relief brought under § 1983 because it is not a person capable of being sued under the statute. *Carmody v. Bd. of Trs. of Univ. of Ill.*, 893 F.3d 397, 403 (7th Cir. 2018); *Kaimowitz v. Bd. of Trs. of Univ. of Ill.*, 951 F.2d 765, 767–68 (7th Cir. 1991). This also applies with full force to claims under § 1985. *See Williamson v. Ind. Univ.*, 345 F.3d 459, 463 (7th Cir. 2003); *Ross v. Illinois*, 48 F. App'x 200, 202

(7th Cir. 2002). Finally, § 1988 does not create an independent cause of action. *Moor v. County of Alameda*, 411 U.S. 693, 702 (1983).

In the alternative, the Board is also protected from claims for injunctive relief and damages by its Eleventh Amendment immunity. *Carmody*, 893 F.3d at 403; *Barnes*, 946 F.3d at 391. The Eleventh Amendment "bars most claims in federal courts against a state that does not consent to the suit. . . . This constitutional immunity extends to the Board of Trustees of the University of Illinois." *Carmody*, 893 F.3d at 403 (internal citations omitted). "There are three exceptions to this defense that may subject a state to an action in federal court: (1) where Congress, acting under its constitutional authority conveyed by amendments passed after the Eleventh Amendment (the most common being the Fourteenth Amendment), abrogates a state's immunity from suit; (2) where the state itself consents to being sued in federal court; and (3) under the doctrine articulated by the Supreme Court in *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)." *Council 31 of the Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO v. Quinn*, 680 F.3d 875, 882 (7th Cir. 2012). Neither of the first two exceptions applies here. *See Carmody*, 893 F.3d at 403.

To the extent Plaintiff is pursuing an injunction (doc. 1 at 19), he does not make a claim under *Ex parte Young*, because Plaintiff sues the Board, rather than individual members of the Board in their official capacities. Suits seeking only injunctive relief from state officials acting in their official capacity are permitted by § 1983 and not barred by the Eleventh Amendment. *Barnes*, 946 F.3d at 391.

Therefore, Count I is dismissed without prejudice. Plaintiff has requested leave to refile this claim. (Doc. 16 at 5). Pursuant to Federal Rule of Civil Procedure 15(a)(2), leave should be given freely "when justice so requires." Plaintiff may amend his Complaint within 21 days of the date of this Order.

II.     **Count II: Title IX**

Under Title IX, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under an education program or activity receiving Federal Financial assistance." 20 U.S.C. § 1681(a). The University is an education program that receives federal funding. (Doc. 1 at 20). When Plaintiff was dismissed from the school, he was excluded from participation in the program. *See Doe v. Purdue* 928 F.3d 652, 667 (7th Cir. 2019) (holding that when a student is suspended from a university, he is denied the program's benefits). The Court must ask whether "the alleged facts, if true, raise a plausible inference that the university discriminated . . . on the basis of sex." *Purdue*, 928 F.3d at 667–68 (internal quotations omitted). A court must consider each piece of evidence as well as the "totality of the circumstances." *Doe v. Univ. S. Ind.*, 43 F.4th 784, 792 (7th Cir. 2022). "A plaintiff cannot rely on . . . generalized allegations alone, however, but must combine them with facts particular to *his* case to survive a motion to dismiss." *Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 855 (7th Cir. 2019) (emphasis in original).

Plaintiff alleges that he was discriminated against on the basis of sex because he was subject to "a disciplinary process marred by procedural flaws and sexual bias

against males." (Doc 1. at 21). To support this conclusory allegation, Plaintiff begins with the University's training materials, which "identif[y] males as the perpetrators in all but one of the "case studies" provided and in certain instances identifies gender violence victims as female." (Doc. 1 at 21). Plaintiff also references the lasting effects of the rescinded 2011 Dear Colleague Letter, which he claims altered the adjudication process in a biased manner, and public pressure on the University to punish male students. (Doc. 1 at 18). Plaintiff also alleges that

> Male students in sexual misconduct cases at the University are discriminated against on the basis of their sex. Male students are presumed guilty, forced to meet a burden of proof that is inconsistent with the University's polices, and credibility determinations are made against male students. In situations where both students have consumed alcohol, the male student is presumed to have engaged in sexual misconduct regardless of whether the female student has consented or initiated the sexual conduct.

Doc. 1 at 22. This background is relevant but, if Plaintiff's claim is to survive dismissal, must be combined "with facts creating an inference that, in his specific case, the institution treated him differently because of his sex." *Johnson v. Marian Univ.*, 829 F. App'x 731, 732 (7th Cir. 2020).

To meet this burden, Plaintiff alleges the "Subcommittee and the Senate Committee failed to question Roe and determined her narrative to be more credible than Plaintiff's although she did not testify before the Subcommittee" (doc. 1 at 4) and "Plaintiff was not permitted to cross-examine Roe or adverse witnesses" (doc. 1 at 5). He also alleges that he "was not afforded the opportunity to present his testimony or evidence to the Subcommittee or the Senate Committee in a manner that would assist the Subcommittee in determining the creditability of either party."

(Doc. 1 at 5). Finding a female accuser more credible than the alleged male perpetrator could lead to the inference that Plaintiff faced discrimination because of his sex. *See Purdue*, 928 F.3d at 669. In *Purdue*, the university chose to credit the victim's story and discredit the Plaintiff's without ever hearing from the victim. 928 F.3d at 659. Further, the university's investigative report excluded evidence favorable to the plaintiff, and the university did not provide the report to the plaintiff before the hearing. *Id.* at 657. Members of the university panel responsible for reviewing the claim never read the report, asked biased questions, and refused to allow plaintiff to present helpful witnesses. *Id*. These allegations made the plaintiff's Title IX claim plausible. In another case, the court found Plaintiff's Title IX claim plausible when "the Board credited exclusively female testimony (from Roe and her witnesses) and rejected all of the male testimony (from Doe and his witnesses)." *Doe v. Baum*, 903 F.3d 575, 586 (6th Cir. 2018). The court considered this an example of gender discrimination because the panel discredited the male testimony on the grounds that all of the males were fraternity brothers but ignored the fact that all of the females were sorority sisters. *Id.*

Here, the facts Plaintiff has alleged do not raise a plausible inference of gender bias. Unlike in *Purdue*, where the university credited the victim's statements without meeting with her and without reviewing evidence, 928 F.3d at 669, the University completed a full investigation here. (Doc. 1 at 2). It allowed Plaintiff to "review the evidence, provide comments to clarify, and submit follow-up questions for the investigators to ask the other party." (Doc. 1 at 3). The Subcommittee "relied on the

record of the case to evaluate [Roe's] credibility" and "based on an examination of the material and testimony provided . . . it found Jane Roe's narrative more credible than that of John Doe, even though she did not testify before The Subcommittee." (Doc. 1 at 4). Although the Subcommittee did not hear from Roe directly, the Complaint does not allege that they did not review her written account or that they blindly accepted her version of the events. *See Doe v. Loyola Univ.-Chicago*, No. 20-CV-7293, 2021 WL 2550063, at *8 (N.D. Ill. June 22, 2021). Nor does Plaintiff allege that they failed to review relevant materials or demonstrated bias during the hearing. *See Columbia Coll. Chicago*, 933 F.3d at 856. The Complaint does not allege that the Subcommittee found Plaintiff responsible for the assault by relying solely on the credibility determination. Plaintiff's allegations regarding cross-examination and the presentation of evidence are unrelated to gender. Plaintiff does not allege females accused of sexual assault were allowed to cross-examine their accusers or present evidence differently. *See id.* Accepting the allegations in the Complaint as true and considering the totality of the circumstances does not allow for a plausible inference that the Subcommittee found Roe more credible because of her sex or that they reached their decision because of Plaintiff's gender. Instead, the Subcommittee and Senate Committee made their decisions after evaluating the evidence produced by a thorough investigation. Because Plaintiff's allegations do not support the inference that he faced gender-based discrimination in his particular case, he has failed to state a Title IX claim, and Count II is dismissed without prejudice.

III. **Count III: Breach of Contract**

Plaintiff asserts a state-law claim for breach of contract. (Doc. 1 at 22). Defendant argues that this claim should be dismissed on state-law grounds. (Doc 8. at 7). However, it is not necessary to reach state-law arguments. Even absent a discussion of the Board's sovereign immunity and assuming this Court has supplemental jurisdiction over Plaintiff's state-law claim, this Court declines to exercise jurisdiction. This Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The court's decision to exercise supplemental jurisdiction over state-law claims is discretionary. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009). As discussed above and below, the federal claims in this suit have been dismissed. A breach-of-contract claim is distinct from a due-process claim which, in the context of higher education, could arise out of a contract. *Purdue*, 928 F.3d at 660 ("In the context of higher education, any property interest is a matter of contract between the student and the university"). Plaintiff's breach-of-contract claim is the type of claim typically brought in state court. *See Charleston v. Bd. of Trs. of the Univ. of Ill. at Chicago*, No. 12 C 9463, 2013 WL 1751519, at *6 (N.D. Ill. Apr. 19, 2013), *aff'd* sub nom. *Charleston v. Bd. of Trustees of Univ. of Ill. at Chicago*, 741 F.3d 769 (7th Cir. 2013). Accordingly, this Court chooses to exercise its statutory jurisdiction and dismisses Count III without prejudice.

IV. **Counts IV & V: Declaratory Judgment**

In Count IV, Plaintiff requests a declaratory judgment from this court that:

> (i) the outcome and findings made by Defendant relating to the allegations set forth by Jane Roe be reversed; (ii) Plaintiffs reputation be restored; (iii) Plaintiffs disciplinary record be expunged and sealed; (iv) any record of Plaintiffs dismissal from the University be removed from his educational file; (v) any record of Jane Roe's complaint against Plaintiff be permanently destroyed; (vi) Plaintiff be reinstated to the University; (vii) Defendant's rules, regulations and guidelines relating to the adjudication of allegations of sexual misconduct are unconstitutional as applied.

(Doc. 1 at 24). However, Defendant correctly claims that Count IV must be dismissed. (Doc. 8 at 8). "The Declaratory Judgment Act 'does not . . . provide an independent cause of action. Its operation is procedural only—to provide a form of relief previously unavailable.'" *Garrard v. Rust-Oleum Corp.,* 575 F. Supp. 3d 995, 1004 (N.D. Ill. 2021) (quoting *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993)); *see Precision Shooting Equip. Co. v. Allen*, 646 F.2d 313, 314 n.4 (7th Cir. 1981) ("the Declaratory Judgment Act provides a procedural remedy but confers no new jurisdiction") (citing *Skelly Oil Co. v. Phillips Co.*, 339 U.S. 667, 671–72 (1950)); *see also Sieving v. Cont'l Cas. Co.*, 535 F.Supp. 3d 762, 774 (N.D. Ill. 2021) ("Count VI is properly dismissed because requests for declaratory judgment . . . are not independent causes of action.").

In support of his idea that a request for declaratory judgment is an independent cause of action, Plaintiff references one case. (Doc. 16 at 10). However, in addition to the extent this case cuts against the weight of precedent discussed above, it is easily distinguishable from the instant matter. In *Got Docs*, that court declined to dismiss a counter-claim for declaratory relief on the grounds that

"[p]arties routinely invoke the Declaratory Judgment Act to clarify the parties' rights and obligations in a contract." *Got Docs, LLC v. Kingsbridge Holdings, Inc.*, No. 19-CV-6155, 2021 WL 4634719, at *2 (N.D. Ill. Oct. 7, 2021). The court exercised its discretion to entertain the request for declaratory judgment in the context of a larger action with still-existing claims. *Id*. Where, as here, the rest of the action has been dismissed, it is clear from the weight of precedent that declaratory judgement is not an independent cause of action, but a form of relief. Accordingly, because the underlying claims have been dismissed, Plaintiff's Count IV is dismissed with prejudice.

Count V is not a request for declaratory relief but merely a restatement of Count III (doc. 1 at 24–26) discussed above. For that reason, Count V is dismissed with prejudice.

V. **Plaintiff's Request for a Preliminary Injunction**

Plaintiff makes just two references to a preliminary injunction in his complaint. (Doc. 1 at 19, 26). "To obtain a preliminary injunction, the moving party must show that (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits." *Knox v. Shearing*, 637 F. App'x 226, 228 (7th Cir. 2016). "If it is plain that the party seeking the preliminary injunction has no case on the merits, the injunction should be refused regardless of the balance of harms." *Green River Bottling Co. v. Green River Corp.*, 997 F.2d 359, 361 (7th Cir. 1993). Because

Plaintiff's claims have been dismissed, he has no case on the merits. His request for a preliminary injunction is denied.

## CONCLUSION

IT IS THEREFORE ORDERED that the Motion to Dismiss by the Defendant, the Board of Trustees of the University of Illinois (doc. 8) is GRANTED. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as to Counts I–III and WITH PREJUDICE as to Counts IV and V. Plaintiff's request for a preliminary injunction is DENIED. Plaintiff may file an amended complaint consistent with this Order within twenty-one (21) days of the date of this Order.

SO ORDERED.

Entered this 12th day of July 2023.

                                                                    s/ Joe B. McDade
                                                         JOE BILLY McDADE
                                      United States Senior District Judge